IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–02998–WJM–MDB

FRANCISCO SERNA, and
AJHALEL SNODDY,

    Plaintiffs,

v.

JENNIFER IRVINE, and
EL PASO COUNY COMMISSIONERS,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiffs' "Complaint and Request for Injunction." (["Complaint"], Doc. No. 1.) The portion of Plaintiffs' Complaint which requests preliminary injunctive relief has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. Nos. 4, 7.) For the following reasons, it is **RECOMMENDED** that Plaintiffs' request for a preliminary injunction be **DENIED**.

### SUMMARY FOR *PRO SE* PLAINTIFFS

The Court is recommending that you not be awarded preliminary injunctive relief. Specifically, the Court finds that you have failed to state with sufficient specificity what it is that you are wanting to force the Defendants to do. In addition, the Court finds that you have failed to

show that you will suffer immediate and irreparable harm absent the injunctive relief. This is only a summary of the Court's decision. The complete decision is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

*Pro se* Plaintiffs Francisco Serna and Ajhalei Snoddy ["Plaintiffs"] bring this lawsuit, pursuant to 42 U.S.C. § 1983 and the Uniform Relocation Act ["URA"], 42 U.S.C.§§ 4602-4655, asserting violations of their "federal statutory and constitutional rights" by Defendants El Paso County Commissioners and Jennifer Irvine ["Defendants"]. (Doc. No. 1 at 1-5, 711-15.) Plaintiffs are the owners of property located at 3740 Colorado Avenue, Colorado Springs, Colorado, "which is one of 85 properties that were needed to complete the Westside Avenue Action Plan (WAAP) federally designed infrastructure project." (*Id.* at 7.) According to the Complaint, in August 2017, "the City of Colorado Springs initiated an eminent domain suit against [Plaintiffs] in order to acquire [their] property for the federally designed WAAP collaboration project." (*Id.* at 4.) Plaintiffs claim entitlement to certain protections under the URA, because "federal funding was utilized" in connection with the WAAP project that resulted in their "displace[ment]" from their Colorado Springs property. (*Id.* at 7, 11-12.) Specifically, Plaintiffs claim that the URA gives them a "clear federal right to a comparable replacement dwelling." (*Id.* at 7, 14.) Plaintiffs allege that Defendants have "infringed" this right, because "[n]o replacement dwelling was provided[.]" (*Id.* at 12.) In addition, Plaintiffs claim that the URA imposes a "certification requirement" on Defendants, which obligates them to certify compliance with federal law "when federal funds are used in any phase of an assisstance [sic] project." (*Id.* at 5, 7-9.) Plaintiffs claim that "Section 7 of the Federal-aid award NH C040-032"

also "explicitly imposes compliance and certification duties on Defendants." (*Id.* at 7-8; *see* Doc. No. 1-1.) Plaintiffs complain that, notwithstanding Defendants' "duty to comply with the [URA] while developing the [WAAP] project," Defendants have "chose[n] not to comply with federal law or certify compliance" in connection with "Federal-aid award NH-C040 032." (*Id.* at 5, 7.) Plaintiffs allege that Defendants' "decision to not make a legally required certification" also violated their "incorporated constitutional right to equal protection and just compensation." (Doc. No. 1 at 14.) As relief, Plaintiffs request a preliminary and permanent injunction requiring Defendants to certify "federal funding compliance with federal law as required by the Uniform Relocation Act and by Section 7 of the Federal-aid award NH C040-032."[1] (*Id.* at 5, 7, 15.)

## STANDARDS OF REVIEW

### I.     Legal Standard for *Pro Se* Plaintiffs

Plaintiffs are proceeding *pro se*. The Court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). This rule applies to all proceedings involving *pro se* litigants. *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991); *see, e.g.*, *Smith v. Crockett*, 2022 WL 366914, at *3-6 (D. Colo. Jan. 20, 2022) (liberally construing *pro se* pleadings in review of a motion seeking preliminary injunctive relief). However, Plaintiffs' *pro se* status does not vitiate their obligation to adhere to, and

---

[1] To the best of this Court's understanding, this is the only relief sought by Plaintiffs in their Complaint.

comply with, "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that a *pro se* litigant must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). Thus, while the Court makes "some allowances" for Plaintiffs' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence structure, or [their] unfamiliarity with the pleading requirements," the Court will not "take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall,* 935 F.2d at 1110) (alteration omitted); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [*pro* se] plaintiff in the absence of any discussion of those issues").

## II.     Legal Standard for Preliminary Injunction Requests

Federal Rule of Civil Procedure 65 authorizes the Court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a)-(b). A preliminary injunction is an "extraordinary" remedy; accordingly, the movant's right to relief must be "clear and unequivocal." *Aphosian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (citation omitted). A party seeking preliminary injunctive relief must show: (1) a likelihood of success on the merits; (2) a threat of irreparable harm, which outweighs any harm to the nonmovant; and (3) that the injunction would not adversely affect the public interest. *N.M. Dep't of Game & Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1246 (10th Cir. 2017) (quoting *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016)).

It is well-settled that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Therefore, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* If the movant fails to meet his burden of establishing irreparable injury, the Court "need not address the remaining preliminary injunction factors." *N.M. Dep't of Game & Fish*, 854 F.3d at 1249.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Id.* at 1251 (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)) (alteration omitted). The harm must be "certain and great," not "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). The movant "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *N.M. Dep't of Game & Fish*, 854 F.3d at 1249 (quoting *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007)). Moreover, the alleged harm must be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heideman*, 348 F.3d at 1189). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). "[A] speculative or theoretical injury will not suffice." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009)).

**ANALYSIS**

Plaintiffs seek a preliminary injunction that requires Defendants to certify "federal funding compliance with federal law as required by the Uniform Relocation Act and by Section 7 of the Federal-aid award NH C040-032." (Doc. No. 1 at 7.) The Court finds that Plaintiffs' request for a preliminary injunction should be denied for two reasons.

First, Plaintiffs' ask the Court to make Defendants comply with federal certification requirements; however, Plaintiffs fail to provide any detail as to how Defendants' compliance efforts thus far are deficient. Nor do Plaintiffs identify the specific actions that they believe Defendants must take to adequately comply with those federal certification requirements. This, alone, is fatal to Plaintiffs' request for injunctive relief, because a preliminary injunction must be narrowly tailored and must describe in reasonable detail "the act or acts . . . required." Fed. R. Civ. P. 65(d)(C); *see Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668 (10th Cir. 1990) (Rule 65 "requires that an injunction be reasonably specific in identifying what acts are prohibited or required, both to give notice to the defendant of what is prohibited, and to guide an appellate court in reviewing the defendant's compliance or noncompliance with the injunction."). Moreover, Plaintiffs are essentially asking for a court order requiring Defendants to follow the law, which is not a permissible injunction. *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) ("[I]njunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65."); *Acosta v. Finishing Professionals, LLC*, 2018 WL 6603641, at *3 (D. Colo. Nov. 20, 2018) ("Obey-the-law injunctions do not individuate, and so very often, they fail to effectively tell the defendant what [he] is supposed to do. There may be many ways to violate the law, and many ways to comply; what is a violation is often at the heart

6

of the dispute."); *see, e.g.*, *Shapiro v. Chapdelaine*, No. 13-cv-03086-WJM-KMT, 2015 WL 6549275, at *2 (D. Colo. Oct. 29, 2015) (dismissing claims for injunctive relief where the plaintiff sought to require the defendants to follow CDOC regulations); *Montoya v. Am. Online, Inc.*, No. CIV-07-1078 BB/ACT, 2009 WL 10708276, at *11 (D.N.M. Apr. 29, 2009) (denying request for injunctive relief that was "nothing more than a generalized request asking the Court to force AOL to comply with the law"); *Hemphill v. Jones*, No. CIV-11-1192-HE, 2012 WL 5873307, at *1 (W.D. Okla. Oct. 12, 2012), *report and recommendation adopted,* 2012 WL 5872935 (W.D. Okla. Nov. 20, 2012) ("Plaintiff's vague demand for a 'Special (Vegetarian) diet,' without a description of the deficiencies in his current diet which prison officials should be required to alter, is inadequate to put prison officials on notice of what act they are being required to perform.").

Second, Plaintiffs have failed to show that they are facing immediate and irreparable harm from Defendants' current conduct. Plaintiffs allege that, in the absence of injunctive relief, they will suffer the following injury: "If El Paso County is allowed to receive federal aid award NH-C040 032 without certifying to compliance with federal law then our federal right to a comparable replacement dwelling will be disregarded with no remedy." (Doc. No. 1 at 5.) However, Plaintiffs provide no explanation as to why they believe Defendants' ongoing failure to satisfy the URA's compliance certification requirement for federal aid funds has or will, in any way, affect Plaintiffs' "federal right to a comparable replacement dwelling." Nor do Plaintiffs allege any other injury resulting from Defendants' noncompliance with federal certification requirements. As such, Plaintiffs have not demonstrated that they will suffer irreparable harm absent injunctive relief, and for that reason as well, they are not entitled to

preliminary injunctive relief. *See Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available); *Smith v. United States*, No. 13-cv-01156-MSK-KLM, 2013 WL 6406263, at *2-3 (D. Colo. Sept. 19, 2013) (finding no basis for the issuance of a preliminary injunction, where *pro se* plaintiffs "fail[ed] to show with any specificity how they w[ould] be irreparably harmed in the absence of the requested injunctive relief").

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that:

(1) The portion of the "Complaint and Request for Injunction" (Doc. No. 1) which requests a preliminary injunction be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 28, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge